**GREENBERG TRAURIG, LLP**
ADIL M. KHAN (SBN 254039)
khanad@gtlaw.com
MICHAEL E. MCCARTHY (SBN 301010)
mccarthyme@gtlaw.com
1840 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendants
SALUS CAPITAL PARTNERS, LLC, HRG GROUP, INC.,
KYLE SHONAK and AARON MILLER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID ZINBERG, MARINA ZINBERG,<br><br>Plaintiffs,<br><br>v.<br><br>SALUS CAPITAL PARTNERS, LLC; HRG GROUP, INC.; KYLE SHONAK; AARON MILLER and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-07833-SVW-JEM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE REQUEST FOR ATTORNEYS' FEES**<br><br>[Filed Concurrently with Motion to Dismiss and Strike, Declaration of Michael E. McCarthy, and Proposed Order]<br><br>**DATE:** **November 18, 2019**<br>**TIME:** **1:30 p.m.**<br>**PLACE:** **Courtroom 10A**<br>**JUDGE:** **Hon. Stephen V. Wilson**<br><br>Action Filed: May 31, 2018<br>Complaint Served: August 12, 2019<br>Action Removed: September 10, 2019 |

1

Defendants Salus Capital Partners, LLC, HRG Group, Inc., Kyle Shonak and Aaron Miller (collectively, "Defendants") hereby request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the following documents:

1. The Agreement dated September 6, 2013, between Glendon Group, Inc. and Bidz.com, Inc., on the one hand, and Los Angeles Jewelry Productions, Inc., on the other, a true and correct copy of which is attached hereto as **Exhibit 1** (the "LAJ Agreement").

2. A certified copy of the Complaint filed June 12, 2015, by Salus Capital Partners, LLC and Glendon Group, Inc. against David Zinberg, *et al.*, in the Superior Court of California, County of Los Angeles, Case No. BC584852 (the "State Court Action"), a true and correct copy of which is attached hereto as **Exhibit 2**.

3. A certified copy of the Answer to Plaintiffs' Complaint filed January 8, 2016, by David Zinberg, in the State Court Action, a true and correct copy of which is attached hereto as **Exhibit 3**.

4. A certified copy of the Request for Dismissal filed November 23, 2016, by Salus Capital Partners, LLC, in the State Court Action, a true and correct copy of which is attached hereto as **Exhibit 4**.

Exhibits 2, 3 and 4 are collectively referred to hereinafter as the "State Court Documents," and Defendants will promptly lodge the certified copies they obtained if requested by the Court.

### A.  Exhibit 1:  The Court Should Take Judicial Notice of the LAJ Agreement

When ruling on a motion to dismiss, the Court may take judicial notice of and consider documents incorporated by reference in a Complaint, even where those documents are not attached to the Complaint or explicitly referenced therein. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference applies to "situations in which

1

the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint"); *Glenbrook Capital Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) ("A court may take judicial notice of documents that are 'integral to the plaintiff's claims' and whose 'authenticity is not disputed,' even if they are not explicitly incorporated into the complaint.") (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2016)). Incorporation by reference allows the trial court to look beyond the pleadings without converting the 12(b)(6) motion into a motion for summary judgment. *See Knievel*, 393 F.3d at 1076-77 (9th Cir. 2005).

Here, the Court should take judicial notice of the LAJ Agreement in deciding Defendants' Motion because the document is explicitly referenced in the Complaint, which erroneously states that the LAJ Agreement is attached. (Complaint, ¶ 19.) Indeed, each of Plaintiff David Zinberg's ("Plaintiff") claims against Defendants expressly arises out of Defendants' purported refusal to make or allow payments under the LAJ Agreement after December 2013. (Complaint, ¶¶ 28-46.) Furthermore, there is no dispute regarding the authenticity of the document, which Plaintiff's counsel provided to Defendants after filing this lawsuit. (McCarthy Decl., ¶¶ 2-5). Thus, because the LAJ Agreement is referenced in the Complaint and was meant to be attached, and because Plaintiff's claims against Defendants must be examined against the LAJ Agreement, the Court should take judicial notice of the LAJ Agreement. *See Parrino*, 146 F.3d at 705-06.

**B.     Exhibits 2 through 4:  The Court Should Take Judicial Notice of the State Court Documents**

The Court may take judicial notice of a fact not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts have recognized that "[c]ourt orders and filings are the type of documents that are properly noticed under

2

the rule." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1113 (C.D. Cal. 2003); *see also Voss v. Sutardja*, No. 14-CV-01581-LHK, 2015 U.S. Dist. LEXIS 8795, at *15 (N.D. Cal. Jan. 26, 2015) (proper subjects for judicial notice include "court documents already in the public record and documents filed in other courts"); *Las Vegas Metro. Police Dep't v. Harris Corp.*, No. 2:13-cv-01780-GMN-VCF, 2015 U.S. Dist. LEXIS 26694, at *5 (D. Nev. Mar. 3, 2015) ("courts may take judicial notice of proceedings of other courts if those proceedings have a 'direct relation to matters at issue'") (citations omitted).

Here, taking judicial notice of State Court Documents is proper and non-controversial. The State Court Documents are comprised of **certified** copies of court filings from the Superior Court of California, County of Los Angeles, Case No. BC584852, and they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. (If requested, Defendants will promptly lodge those certified copies with the Court.) Further, the State Court Documents have a direct relation to the matters at issue, as they show that Plaintiff's claims in this case are based on the same facts and transactions underlying the State Court Action.

DATED: October 10, 2019

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s *Adil M. Khan*
    Adil M. Khan
    Attorneys for Defendants
    SALUS CAPITAL PARTNERS, LLC, HRG GROUP, INC., KYLE SHONAK and AARON MILLER

ACTIVE46447703