# EXHIBIT 1

## AGREEMENT

**AGREEMENT** ("Agreement") made and entered into effective as of the 6th day of September 2013 by and between, one the one hand **GLENDON GROUP, INC.** ("Glendon"), a corporation organized under the laws of the state of Delaware and its wholly-owned subsidiary **BIDZ.COM, INC.** ("Bidz"); and on the other hand **LOS ANGELES JEWELRY PRODUCTIONS, INC.** ("LAJ"), a corporation organized under the laws of the state of California.

Glendon, Bidz and LAJ are sometimes hereinafter referred to collectively as the "Parties" or individually as "Party".

When authorized representatives of all of the Parties have each executed this Agreement, the Parties shall have mutually agreed as follows:

### WITNESSETH

**WHEREAS,** LAJ has recently satisfactorily delivered to Glendon/Bidz inventory in an invoiced and agreed to amount of Two Million Two Hundred Thousand Dollars ($2,800,369.18); and *three hundred sixty nine & 18/00*

**WHEREAS** Glendon/Bidz has prior to the aforesaid delivery, incurred a debt to LAJ for prior purchases of inventory satisfactorily delivered, in the amount of One Million Three Hundred Thousand Dollars ($1,124,029.23); and *One  Twenty Four  Twenty Nine  23/00*

**WHEREAS** notwithstanding any prior agreement(s) or billing arrangement(s) of any kind between the Parties, the Parties hereby wish to restate an Agreement between them to definitively set forth an arrangement under which Glendon/Bidz shall make payments to LAJ hereunder, which shall constitute a complete and irrevocable novation, compromise, accord and satisfaction of any amount owing from Glendon/Bidz (or any of their "affiliates" as such term is hereinafter defined) to LAJ based on the mutual agreement hereby made that the total debt owing from Glendon/Bidz to LAJ as of the date hereof is fixed at precisely Three Million Five Hundred Thousand Dollars ($3,924,398.4]) (hereinafter the "Debt"). *Twenty Four  Three Hundred Ninety Eight  4/00  Nine*

**NOW THEREFORE,** the Parties hereby agree as follows:

1.  Glendon/Bidz shall pay the Debt to LAJ as follows:  Concurrent with the execution hereof, Glendon/Bidz shall deliver in hand to LAJ ten (10) post-dated checks in the amount of Three Hundred Fifty Thousand Dollars ($392,439.84) each.  Such checks shall be respectively dated as follows:  November 28, 2013, December 28, 2013, February 5, 2014, March 5, 2014, April 5, 2014, May 5, 2014, June 5, 2014, July 5, 2014, August 5, 2014 and September 5, 2014 (the "Checks").  There shall be no conditions precedent, concurrent or subsequent to the negotiation and payment of each of the Checks and each shall be backed by good and freely remittable funds on the dates LAJ presents each of the

*E-11*

Page 1 of 3

Checks to their issuing bank(s).  Payment of the Debt by the Checks shall fully liquidate and satisfy any debt or other amount owing from Glendon/Bidz and their Affiliates to LAJ and its Affiliates "in full".

For the sake of clarity, none of the merchandise which is the subject of this Agreement may be returned other than if the merchandise is defective. Defective merchandise may not be returned for offset, and can only be returned for the sake of being repaired/corrected or exchanged for like merchandise.

If for any reason any of the postdated checks do not clear as dated, Glendon/Bidz shall be obligated to pay a one-time fee of 2% of the uncleared amount plus interest calculated at the rate of 12% per annum until paid.

2.  Subject solely to the clearance of each of the Checks, the Parties hereby further agree that:

By the Parties' mutual executions hereof the Parties hereby agree to release one another (and their respective Affiliates) and any party claiming under or though each of the Parties respectively, from any and all claims, demands, debts, damages, liabilities, suits, agreements and promises (referred to herein as "Claims"), in law or in equity, which either of us now have, have had or at any time may have against one another, whether or not they have been subject to dispute, were known or unknown, were suspected or unsuspected, in connection with any matter whatever from the beginning of time to the date of this Agreement.  As used herein the term "Affiliates" shall mean:  each of the Parties and their respective (as applicable):  heirs, successors, assigns. personal representatives, shareholders, members, officers, directors, employees, agents, consultants, attorneys, parent entities, subsidiary entities, operating divisions and any person, firm, corporation or other entity having legal or equitable interest in any of the Parties and/or a Party's Affiliates.

All of the Parties expressly, knowingly, intelligently and voluntarily waive the benefit and effects of California Civil Code §1542 (or any similar, successor and/or amended statute), which provides in part that;

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known by him, must have materially affected his settlement with the debtor."**

All of the Parties collectively acknowledge, understand, agree and represent to one another that each of the Parties agrees that it has entered this Agreement to reflect a "good faith" settlement and resolution between them. This Agreement can only be modified, amended or discharged by a subsequent document signed by all of the Parties, specifically setting forth our collective and mutual intent to do so.  This Agreement shall be binding upon and inure to and for the benefit of each of the Parties and their respective

E. A

(as applicable) heirs, personal representatives, assigns and successors. This Agreement shall be deemed to have been drafted by all of the Parties any claimed ambiguity shall be construed against Party alleged to have drafted the same. By the Parties executions hereof they represent to one another that each of the Parties understands the legal significance of signing this Agreement and that no Party has entered into this Agreement under any compulsion, threat or undue influence. This letter shall be interpreted in accordance with the laws of the State of California, applicable to agreements to be wholly performed therein.

3. If litigation arises between the Parties in regards to this Agreement, the prevailing parties shall be entitled to recover reasonable attorney's fees and costs.

**WITNESS OUR HANDS** set forth hereunto effective as of the date and year above first written.

GLENDON GROUP, INC.

DATED: _____     By: _____
                         Its _____

BIDZ.COM, INC.

DATED: 9. 6. 2013     By: _____
                      Its _____

LOS ANGELES JEWELRY PRODUCTIONS, INC.

DATED: 9-6-2013     By: _____
                    Its _____

Page 3 of 3

# EXHIBIT 2

90024
A6031

VENABLE LLP
Alex M. Weingarten (SBN 204410)
  aweingarten@venable.com
Micol S. Green (SBN 245659)
  mgreen@venable.com
Matthew M. Gurvitz (SBN 272895)
  mgurvitz@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:     (310) 229-9900
Facsimile:     (310) 229-9901

Attorneys for Plaintiffs Glendon Group,
Inc. and Salus Capital Partners, LLC

FILED
Superior Court of California
County of Los Angeles

JUN 1 2 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
   Moses Soto

D-68
MARK V. MOONEY

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| GLENDON GROUP, INC., a Delaware corporation, and SALUS CAPITAL PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID ZINBERG, an individual, and LEON KUPERMAN, an individual,<br><br>Defendants. | CASE NO. **BC 5 8 4 8 5 2**<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>3. **FRAUD IN THE INDUCEMENT**<br>4. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>5. **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>6. **TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**<br>7. BREACH OF FIDUCIARY DUTY<br>8. CORPORATE WASTE<br>9. CONVERSION<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiffs Glendon Group, Inc. ("Glendon") and Salus Capital Partners, LLC ("Salus," and together with Glendon, "Plaintiffs") hereby allege as follows:

### NATURE OF THE CASE

1.      Glendon is a private equity company based in Los Angeles.  In or around May, 2012, Glendon acquired online retailers Bidz.com, Inc. ("Bidz"), Modnique, Inc. ("Modnique") and Modnique's wholly-owned subsidiary, Vivid Gemz, Inc. ("Vivid Gemz," and, collectively with Bidz and Modnique, the "Bidz Companies"), all of which were founded and led by Defendants David Zinberg ("Zinberg") and Leon Kuperman ("Kuperman") (together, "Defendants").

2.      Shortly after Glendon's acquisition of the Bidz Companies, in June, 2013, Glendon and the Bidz Companies, on the one hand, and Salus, on the other hand, entered into a credit facility whereby Salus would provide an $18 million revolving line of credit based on the inventory levels of Bidz and Modnique.

3.      On or about March 17, 2014, Glendon, subject to Salus' approval, agreed to sell its interest in Bidz back to Zinberg (the "Purchase Agreement").  Among other things, the Purchase Agreement required Bidz to give up all of its inventory, which would be retained by Glendon and Modnique.  The inventory provision was a material term of the Purchase Agreement, without which Salus would not have approved the Purchase Agreement.

4.      Despite the clear provisions of the Purchase Agreement – executed and agreed to by Zinberg – Zinberg and Kuperman engaged in outright self-dealing by orchestrating the return of some $5 million of Bidz's inventory to certain of Bidz's vendors, *not* to Modnique as required by the Purchas Agreement.  Plaintiffs are informed and believe, and thereon allege, that Zinberg and Kuperman did this, *inter alia*, to extinguish certain personal guarantees they had provided to those vendors.

5.      Defendants' contract and fiduciary duty breaches put into motion a series of events from which neither Glendon nor Salus have recovered.  Namely, Defendants' unlawful transfer caused an immediate breach of the credit facility with Salus, eventually allowing Salus

1

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

COMPLAINT

Doc# 1 Page# 2 - Doc ID = 1617474455 - Doc Type = OTHER

1   to foreclose on all of the inventory of the Bidz Companies and, effectively, causing their

2   liquidation and extinguishing their entire value.

3       6.      Defendants should be made to pay for their intentional and unlawful actions.

4   Accordingly, Plaintiffs bring this suit against them for: (1) breach of contract; (2) fraud in the

5   inducement; (3) intentional interference with prospective economic relations; (4) negligent

6   interference with prospective economic relations; (5) tortious interference with contractual

7   relations; (6) breach of fiduciary duty; (7) corporate waste; and (8) conversion.

8                                           **PARTIES**

9       7.      Glendon is a Delaware corporation with its principal place of business in Los

10  Angeles, California.  At all times relevant herein, Glendon owned in whole and operated two

11  subsidiaries, Bidz and Modnique, Modnique itself having a wholly-owned subsidiary, Vivid

12  Gemz.

13      8.      Salus is a Delaware limited liability company with its principal place of business

14  in Needham, Massachusetts.  Salus is primarily engaged in the business of commercial finance

15  and asset management.

16      9.      Plaintiffs are informed and believe, and thereon allege, that Zinberg is an

17  individual who resides in Los Angeles, California.  Zinberg is the founder of Bidz, and, at all

18  times relevant herein, served as the Chief Executive Officer ("CEO") of Bidz.  Upon Bidz's

19  acquisition by Glendon, Zinberg became the single biggest shareholder in Glendon.

20      10.     Plaintiffs are informed and believe, and thereon allege, that Kuperman is an

21  individual who resides in Los Angeles, California.  At all times relevant herein, Kuperman

22  served as President and Chief Technology Officer of Bidz.  Upon Bidz's acquisition by Glendon,

23  Kuperman became the CEO of Glendon.

24                              **JURISDICTION AND VENUE**

25      11.     Jurisdiction is proper in this Court as the amount in controversy well exceeds

26  $25,000.00 and Bidz, Zinberg, and Kuperman are located in California.

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

2

COMPLAINT

12.     Venue is proper in this Court because the causes of action arose in the County of Los Angeles, because Bidz has its principal place of business therein, and because Zinberg and Kuperman reside therein.

## RELEVANT FACTS

13.     Both of Glendon's subsidiaries, Bidz and Modnique, as well as Modnique's subsidiary (Vivid Gemz), were engaged primarily in the online sale of jewelry, apparel, housewares, and/or other merchandise.

14.     On or about June 27, 2013, Glendon, along with the Bidz Companies, entered into a Credit Agreement with Salus (the "Credit Agreement"), which provided for a revolving credit facility for the companies to operate.  The credit facility was based on the inventory levels of Bidz and Modnique, with a maximum limit of $18 million, and was collateralized by the collective assets of Glendon, Bidz and Modnique.  Kuperman signed the Credit Agreement on behalf of both Glendon (as its CEO) and Bidz (as its President).  Plaintiffs are informed and believe, and thereon allege, that, as CEO of Bidz, Zinberg was aware of the terms of the Credit Agreement and, specifically, of the fact that the credit facility was based on the inventory levels of Bidz and Modnique and collateralized by the collective assets of Glendon, Bidz and Modnique.  Neither Kuperman nor Zinberg were parties to the Credit Agreement in their individual capacities.

15.     In addition to obtaining the credit facility from Salus, in or around 2013, Glendon sought to raise additional capital from institutional investors.  On the advice of the financial professionals that Glendon retained as part of that process, Glendon determined to sell the majority of its interest in Bidz.

16.     Accordingly, on or about March 17, 2014, Glendon, Bidz, Modnique and Zinberg entered into the Purchase Agreement whereby Zinberg agreed to purchase from Glendon all outstanding shares of Bidz.  As part of the consideration for the sale, Zinberg was required to deliver all of Bidz's inventory, valued at approximately $15 million and listed on Schedule IV of the Purchase Agreement (the "Schedule IV Inventory"), to Modnique free and clear of all liens and encumbrances (the "Inventory Provision").  The Inventory Provision was a material term of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

3

COMPLAINT

1   the Purchase Agreement, and Glendon would not have agreed to sell Bidz without the provision.

2   In return for the transfer of Bidz's inventory to Modnique, Bidz would be relieved of its

3   obligations to Salus under the Credit Agreement.  Because of this, the Purchase Agreement

4   required approval by Salus.

5         17.    Kuperman signed the Purchase Agreement as CEO of Glendon.  Zinberg signed

6   both on behalf of himself personally and as CEO of Bidz.

7         18.    Upon execution of the Purchase Agreement, Glendon sought approval from Salus.

8   After several weeks of negotiation, Salus, Glendon, Modnique, and Bidz entered into an

9   agreement whereby Salus agreed to release Bidz from the Credit Agreement (thus releasing the

10  liens on the Schedule IV Inventory that were there as a result of the Credit Agreement) in

11  exchange for Glendon raising at least $5 million in new equity (the "Salus Approval").

12        19.    Salus did, in fact, thereafter release its liens on the Schedule IV Inventory.

13        20.    Shortly after the Salus Approval, Defendants, in violation of the Purchase

14  Agreement (not to mention the duties of care and loyalty they owed to Glendon and Bidz), took

15  advantage of the fact that the Salus liens no longer encumbered the Schedule IV Inventory, and

16  caused the transfer of $5 million worth of the Schedule IV Inventory to certain of Bidz's

17  vendors.  As a result of Defendants' actions, the entirety of the Schedule IV Inventory was not

18  transferred to Modnique as was required by the Purchase Agreement.

19        21.    Defendants undertook the unlawful transfer of $5 million of the Schedule IV

20  Inventory to certain of Bidz's vendors in order to benefit themselves, to the detriment of

21  Glendon.  Plaintiffs are informed and believe, and thereon allege, that Defendants caused the

22  inventory transfers to eliminate existing obligations that Bidz had to certain vendors, which

23  obligations were secured not only by the inventory itself, but also by personal guarantees made

24  by Zinberg and Kuperman.  In other words, Zinberg and Kuperman sought to extinguish their

25  own *personal* obligations by transferring the Schedule IV Inventory.  Indeed, Defendants

26  returned inventory *only* to those vendors with whom Zinberg and Kuperman wanted to stay on

27  good terms.  Other vendors whom were owed even greater amounts received no inventory

28  returns.  By eliminating Bidz's obligations to its vendors (not to mention their own obligations),

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

4

COMPLAINT

1  the unlawful transfers also allowed Bidz's vendors to provide fresh inventory to Bidz, thus

2  enriching Bidz -- and, in turn,,Defendants -- at Glendon's detriment.

3      22.    In addition to personally enriching themselves by avoiding personal obligations

4  made to Bidz's vendors, Zinberg and Kuperman's actions created an immediate breach of the

5  Credit Agreement, which, as discussed above, was collateralized by the collective assets of

6  Glendon and the Bidz Companies, including the Schedule IV Inventory.  The breach of the

7  Credit Agreement, in turn, had the effect of halting Glendon's efforts to raise capital, which

8  would have benefitted not only Glendon, but also its remaining subsidiaries.

9      23.    In an attempt to address the breach of the Credit Agreement caused by

10  Defendants, Glendon quickly negotiated two forbearance agreements with Salus, one dated May

11  5, 2014, titled the Forbearance and First Amendment Agreement (the "May 5 Agreement"), and

12  another dated May 14, 2014, titled the Second Amendment Agreement (the "May 14

13  Agreement").  As parties to the original Credit Agreement, the Bidz Companies were also parties

14  to the forbearance agreements.  Zinberg signed both forbearance agreements as CEO of Bidz.

15      24.    In the May 5 Agreement, Salus re-affirmed its approval of the sale of Bidz to

16  Zinberg pursuant to the terms of the Purchase Agreement as long as Glendon raised an additional

17  $2 million in unencumbered cash equity, an amount that was increased to $2.2 million in the

18  May 14 Agreement.

19      25.    Thereafter, Glendon entered into a June 6, 2014 agreement, which again approved

20  the sale of Bidz to Zinberg pursuant to the terms of the Purchase Agreement as long as Glendon

21  arranged for that additional $2.2 million in equity to be invested in Glendon (the "June 6

22  Approval Agreement").  The June 6 Approval Agreement further provided that, if Zinberg

23  refused to honor the terms of the Purchase Agreement, Glendon would allow Salus to conduct an

24  Assignment of Bidz's assets for the Benefit of Creditors ("ABC").

25      26.    After being informed of the June 6 Approval Agreement, Zinberg informed Salus

26  that he would refuse to proceed under the terms of the Purchase Agreement and wished to

27  negotiate new terms.

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

5

COMPLAINT

Doc# 1 Page# 6 - Doc ID = 1617474455 - Doc Type = OTHER

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

27.     Zinberg's refusal to proceed under the Purchase Agreement had his intended effect, and forced Glendon to allow Salus to conduct the ABC.  In addition, on July 14, 2014, Salus issued a Notice of Sale of Collateral under Section 9-601 of the Uniform Commercial Code, which sale was completed on July 24, 2014 (the "UCC Sale").

28.     Salus sold substantially all of the assets of Glendon, Modnique, and Bidz as a result of the ABC and the UCC Sale.

## FIRST CAUSE OF ACTION

### (Breach of the Purchase Agreement – by Glendon against Zinberg)

29.     Glendon incorporates by reference the allegations contained in Paragraphs 1 through 29 above, as though fully set forth herein.

30.     On or about March 17, 2014, Glendon and Zinberg entered in to the Purchase Agreement whereby Zinberg agreed to acquire all outstanding shares of Bidz from Glendon.

31.     Glendon has fully performed all conditions, covenants, obligations and promises required on its part to be performed in accordance with the terms of the Purchase Agreement, except insofar as Glendon has been prevented or excused from having to perform such conditions, covenants, obligations and promises by Zinberg's breaches, or otherwise by operation of law.

32.     Zinberg, on the other hand, has willfully defaulted on, or otherwise failed and refused to perform his obligations under, the Purchase Agreement.  Specifically, Zinberg breached the Purchase Agreement by, *inter alia*, causing the transfer of a significant portion of Bidz's Schedule IV Inventory to Bidz's vendors instead of Modnique, as required under the Purchas Agreement.

33.     Zinberg's wrongful conduct alleged herein constitutes a material breach of the Purchase Agreement.

34.     As a direct and proximate result of Zinberg's material breaches of the Purchase Agreement, Glendon has suffered and will continue to suffer damages in an amount in excess of the jurisdictional minimums of this Court, which will be determined at trial.

COMPLAINT

Doc# 1 Page# 7 - Doc ID = 1617474455 - Doc Type = OTHER

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing –

### by Glendon against Zinberg)

35.     Glendon incorporates by reference the allegations contained in Paragraphs 1 through 34 above, as though fully set forth herein.

36.     The Purchase Agreement expressly provides that "Bidz shall deliver to Modnique, free and clear of all liens and encumbrances ... the Bidz Inventory listed on Schedule IV" of the Purchase Agreement (*i.e.* the Schedule IV Inventory).

37.     As a matter of law, the Purchase Agreement contains an implied covenant that Zinberg will act toward Glendon in good faith and fair dealing.  The implied covenant imposes upon Zinberg the duty not to take any actions with the motive to, or that would, intentionally frustrate Glendon's enjoyment of the rights and benefits under the Purchase Agreement.

38.     Zinberg breached the covenant of good faith and fair dealing implied in the Purchase Agreement by acting in bad faith and with a motive to intentionally frustrate Glendon's enjoyment of its rights under the Agreement by, *inter alia*, causing a substantial portion of the Schedule IV Inventory to be transferred to Bidz's vendors in order to extinguish Zinberg's personal obligations to those vendors and, in turn, causing the immediate breach of the Credit Agreement to which Bidz was a party.

39.     As a direct and proximate result of Zinberg's conduct, Glendon has suffered and continues to suffer damages in an amount in excess of the jurisdictional minimum of this Court, which will be proven at trial.

### THIRD CAUSE OF ACTION

### (Fraud in the Inducement relating to the Purchase Agreement –

### by Glendon against Zinberg)

40.     Glendon incorporates by reference the allegations contained in Paragraphs 1 through 39 above, as though fully set forth herein.

41.     On or about March 17, 2014, Glendon and Zinberg entered in to the Purchase Agreement whereby Zinberg agreed to acquire all outstanding shares of Bidz from Glendon.  By

7

COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1   entering into and executing the Purchase Agreement, Zinberg made a material representation to

2   Glendon that, *inter alia*, he would cause Bidz to transfer the Schedule IV Inventory to Modnique,

3   Glendon's wholly-owned subsidiary, free and clear of all liens and encumbrances.  Absent this

4   representation, Glendon would not have agreed to sell Bidz to Zinberg.

5       42.   At the time Zinberg made the promise to transfer the Schedule IV Inventory to

6   Modnique, Zinberg did not intend to fulfil that promise and secretly harbored the intent to

7   transfer a significant portion of the Schedule IV Inventory to Bidz's vendors.  Specifically,

8   Zinberg sought to extinguish his own personal guarantees (and those of Kuperman) to certain of

9   Bidz's vendors by returning a portion of the Schedule IV Inventory to them.

10       43.   Zinberg intended to induce Glendon, in reliance on his material misrepresentation

11   and omission, to enter into the Purchase Agreement and to seek Salus' approval of the Purchase

12   Agreement.

13       44.   Glendon reasonably and justifiable relied on the false representations and material

14   omissions made by Zinberg, its single largest shareholder, by entering into the Purchase

15   Agreement and by seeking and obtaining Salus' approval of the Purchase Agreement.

16       45.   Salus' approval and its subsequent release of the Salus liens on the Schedule IV

17   Inventory allowed Zinberg to complete his fraudulent scheme and transfer a significant portion

18   of the Schedule IV Inventory to Bidz's vendors instead of to Modnique.  Zinberg undertook the

19   unlawful transfer in order to benefit himself to the detriment of Glendon.

20       46.   As a direct and proximate result of Zinberg's fraud, Glendon has been damaged

21   by, among other things, the complete destruction of its relationship with Salus and the loss of its

22   business.  Glendon's damages are ongoing and the sum of those damages are not yet fully

23   ascertained, but will be proven at trial.

24       47.   Zinberg's secret plan was premeditated and carried out with callous disregard for

25   its devastating effect on Glendon, and was undertaken in a willful, wanton, malicious and

26   oppressive manner and with the intent to defraud Glendon, entitling Glendon to exemplary and

27   punitive damages.

28

COMPLAINT

## FOURTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Relations –
### by Salus against Defendants)

48.    Salus incorporates by reference the allegations contained in Paragraphs 1 through 47 above, as though fully set forth herein.

49.    Salus had an existing economic relationship with Glendon, as evidenced by, *inter alia*, the Credit Agreement.

50.    There existed a probability of future economic benefit for Salus from its business relationship with Glendon, as evidenced by Salus' approval of the Purchase Agreement and by the June 6 Approval Agreement, which would have been economically beneficial to Salus (as well as to Glendon).

51.    As CEO of Bidz and the single largest shareholder of Glendon, Zinberg knew of the existing and potential future economic relationship between Salus and Glendon, and was fully aware of the existence of the Credit Agreement as well as the June 6 Approval Agreement.

52.    As CEO of Glendon and President of Bidz, Kuperman knew of the existing and potential future relationship between Salus and Glendon.  In fact, Kuperman signed the Credit Agreement with Salus in his capacity as an officer of Glendon and Bidz.

53.    Defendants engaged in the conduct alleged in Paragraphs 21 through 23 above with the intent to interfere with and/or destroy the economically-advantageous relationship between Salus, on the one hand, and Glendon, on the other hand, and to make those relationships less financially lucrative for Salus.  Defendants' conduct was independently wrongful because, among other things, Defendants engaged in theft and/or conversion of a significant portion of the Schedule IV Inventory (thereby causing a breach of the Purchase Agreement) and breached the fiduciary duties of care and loyalty they owed to Glendon.

54.    Zinberg and Kuperman's conduct caused an actual disruption of the business relationship between Salus and Glendon, in that Salus was required to sell substantially all of Glendon's assets through the ABC and UCC Sale, which had the practical effect of destroying the existing business -- and any potential future -- relationship between Salus and Glendon.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

9

COMPLAINT

Doc# 1 Page# 10 - Doc ID = 1617474655 - Doc Type = OTHER

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

55.  As a direct and proximate result of Zinberg's and Kuperman's wrongful conduct, Salus has suffered and continues to suffer damages in an amount in excess of the jurisdictional minimums of this Court, which will be determined at trial.

56.  The conduct of Zinberg and Kuperman as alleged herein was purposeful and intentional, and was engaged in for the purpose of depriving Salus of property or legal rights or otherwise causing injury, and was undertaken in a willful, wanton, malicious and oppressive manner, entitling Salus to exemplary and punitive damages.

**FIFTH CAUSE OF ACTION**

**(Negligent Interference with Prospective Economic Relations –**

**by Salus against Defendants)**

57.  Salus incorporates by reference the allegations contained in Paragraphs 1 through 56 above, as though fully set forth herein.

58.  Salus had an existing economic relationship with Glendon, as evidenced by, *inter alia*, the Credit Agreement.

59.  There existed a probability of future economic benefit for Salus from its business relationship with Glendon, as evidenced by Salus' approval of the Purchase Agreement and by the June 6 Approval Agreement, which would have been economically beneficial to Salus (as well as to Glendon).

60.  As CEO of Bidz and the single largest shareholder of Glendon, Zinberg knew of the existing and potential future economic relationship between Salus and Glendon, and was fully aware of the existence of the Credit Agreement as well as the June 6 Approval Agreement.

61.  As CEO of Glendon and President of Bidz, Kuperman knew of the existing and potential future relationship between Salus and Glendon. In fact, Kuperman signed the Credit Agreement with Salus in his capacity as an officer of Glendon and Bidz.

62.  Zinberg and Kuperman acted negligently in transferring a significant portion of the Schedule IV Inventory to Bidz's vendors, rather than to Modnique, in that they each failed to act as a reasonably prudent person would by causing Glendon to breach the Credit Agreement.

10

COMPLAINT

63.     Zinberg and Kuperman's negligence caused foreseeable damages to Salus, in that the practical effect of Zinberg and Kuperman's negligence was the destruction of the existing and potential future business relationship between Salus and Glendon.

64.     Salus has been and continues to be harmed economically by Defendants' wrongful conduct as alleged herein, in that it lost the economic benefits of its ongoing and potential future business relationship with Glendon.

65.     Defendants' wrongful conduct as alleged herein was a substantial factor in causing the destruction of Salus' ongoing and potential future business relationship with Glendon.

66.     As a direct and proximate result of Zinberg's and Kuperman's wrongful conduct, Salus has suffered and continues to suffer damages in an amount in excess of the jurisdictional minimums of this Court, which will be determined at trial.

## SIXTH CAUSE OF ACTION

### (Intentional Interference with Contractual Relations relating to the Credit Agreement – by Salus against Defendants)

67.     Salus incorporates by reference the allegations contained in Paragraphs 1 through 66 above, as though fully set forth herein.

68.     On or about June 27, 2013, Glendon entered into a valid and binding Credit Agreement with Salus.

69.     As CEO of Bidz and the single largest shareholder of Glendon, Zinberg knew of the Credit Agreement and the fact that the credit facility provided by Salus was based on Bidz's and Mednique's inventory levels and was collateralized by the collective assets of Glendon, Bidz and Mednique.  Indeed, the Credit Agreement was specifically referenced in the Purchase Agreement executed by Zinberg whereby Zinberg agreed to acquire Bidz from Glendon.

70.     As CEO of Glendon and President of Bidz, Kuperman also knew of the Credit Agreement and the fact that the credit facility provided by Salus was based on Bidz's and Modnique's inventory levels and was collateralized by the collective assets of Glendon, Bidz and Modnique.  In fact, Kuperman signed the Credit Agreement on behalf of Glendon and Bidz.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

11

COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

71.    Defendants' unlawful transfer of a significant portion of the Schedule IV Inventory to Bidz's vendors, in violation of the Purchase Agreement, disrupted the contractual relationship between Salus and Glendon by causing an immediate breach of the Credit Agreement between Glendon and Salus.

72.    In light of Defendants knowledge of the Credit Agreement and the fact that the credit facility provided by Salus was based on Bidz's and Modnique's inventory levels and was collateralized by the collective assets of Glendon, Bidz and Modnique, Salus is informed and believes, and thereon alleges, that Defendants engaged in the conduct alleged herein with the intent to harm Salus financially and to induce Glendon to breach the Credit Agreement and/or make the contractual relationship between Salus and Glendon less financially lucrative to Salus.

73.    As a direct and proximate result of Defendants' wrongful actions, Salus has suffered and continues to suffer damages in an amount in excess of the jurisdictional minimums of this Court, which will be determined at trial.

74.    The conduct of Zinberg and Kuperman as alleged herein was purposeful and intentional, and was engaged in for the purpose of depriving Salus of property or legal rights or otherwise causing injury, and was undertaken in a willful, wanton, malicious and oppressive manner, entitling Salus to exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION

### (Breach of Fiduciary – by Glendon against Defendants)

75.    Glendon incorporates by reference the allegations contained in Paragraphs 1 through 74 above, as though fully set forth herein.

76.    At all times relevant herein, there existed a confidential and fiduciary relationship between Glendon on the one hand and Zinberg and Kuperman on the other.

77.    Zinberg, as the largest shareholder of Glendon and as CEO of Glendon's wholly owned subsidiary (Bidz), owed fiduciary duties of loyalty and care to Glendon, such that, among other things, he was not permitted to benefit himself by intentionally causing Glendon to breach the Credit Agreement.

12

Doc# 1 Page# 13 - Doc ID = 1617474455 - Doc Type = OTHER

78.     Kuperman, as CEO of Glendon, owed fiduciary duties of loyalty and care to Glendon, such that, among other things, he was not permitted to benefit himself by intentionally causing Glendon to breach the Credit Agreement.

79.     Zinberg and Kuperman breached the fiduciary duties they owed to Glendon by, *inter alia*, transferring a significant portion of the Schedule IV Inventory to certain of Bidz's vendors for their own benefit, thereby causing Glendon to breach the Credit Agreement and, as to Zinberg, by later refusing to abide by the terms of the Purchase Agreement, which led to the ABC and the UCC Sale.

80.     As a direct and proximate result of Defendants' fiduciary duty breaches, Glendon has suffered and will continue to suffer damages in an amount in excess of the jurisdictional minimums of this Court, which will be determined at trial.

81.     The conduct of Zinberg and Kuperman as alleged herein was purposeful and intentional, and was engaged in for the purpose of depriving Salus of property or legal rights or otherwise causing injury, and was undertaken in a willful, wanton, malicious and oppressive manner, entitling Glendon to exemplary and punitive damages.

**EIGHTH CAUSE OF ACTION**

**(Corporate Waste – by Glendon against Defendants)**

82.     Glendon incorporates by reference the allegations contained in Paragraphs 1 through 81 above, as though fully set forth herein.

83.     Zinberg and Kuperman caused Glendon to waste valuable corporate assets by transferring to certain of Bidz's vendors a significant portion of the Schedule IV Inventory (property which belonged to Glendon through Modnique), as a means to satisfy obligations owed by Bidz to its vendors, obligations which Zinberg and Kuperman had personally guaranteed.

84.     That transfer was an exchange of corporate assets for value so disproportionately small as to lie below the range at which any reasonable person might be willing to trade.

85.     Further, the transfer of a significant portion of the Schedule IV Inventory did not reflect a fair exchange for Glendon, because Glendon did not receive the benefit of that exchange and, in fact, as the end result of that exchange, had substantially all of its assets sold by Salus.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

13

COMPLAINT

86.     By reason of the foregoing, Glendon has been damaged and will continue to be damaged in an amount in excess of the jurisdictional minimums of this Court, which will be determined at trial.

## NINTH CAUSE OF ACTION

### (Conversion – by Glendon against Defendants)

87.     Glendon incorporates by reference the allegations contained in Paragraphs 1 through 86 above, as though fully set forth herein.

88.     Glendon, through its subsidiary Modnique, owned and had a right to possess the entirety of the Schedule IV Inventory at the time of Defendants' conversion.

89.     Defendants intentionally and substantially interfered with Glendon's property rights by transferring a significant portion of the Schedule IV Inventory to Bidz's vendors without Glendon's consent.

90.     Glendon was harmed by the transfer of the Schedule IV Inventory because it was deprived of the full value of that Schedule IV Inventory, and because Defendants' conduct resulted in Glendon's breach of the Credit Agreement and subsequent sale of substantially all of Glendon's assets.

91.     As a direct and proximate result of Defendants' actions, as alleged herein, Glendon has suffered and will continue to suffer damages in an amount in excess of the jurisdictional minimums of this Court, which will be determined at trial.

92.     The conduct of Defendants as alleged herein was purposeful and intentional, and was engaged in for the purpose of depriving Salus of property or legal rights or otherwise causing injury, and was undertaken in a willful, wanton, malicious and oppressive manner, entitling Glendon to exemplary and punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for and request relief as follows:

1.     On the first cause of action, that the Court find that Zinberg materially breached the Purchase Agreement, and that Glendon is, therefore, entitled to actual and compensatory damages in an amount to be determined at trial;

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

14

COMPLAINT

2.     On the second cause of action, that the Court find that Zinberg breached the covenant of good faith and fair dealing present in the Purchase Agreement, and that Glendon is, therefore, entitled to actual and compensatory damages in amount to be determined at trial;

3.     On the third cause of action, that the Court find that Zinberg fraudulently induced Glendon to enter the Purchase Agreement, and that Glendon is, therefore, entitled to actual, compensatory, and punitive damages in an amount to be determined at trial;

4.     On the fourth cause of action, that the Court find that Zinberg and Kuperman intentionally interfered with Salus' prospective economic relations with Glendon, and that Salus is, therefore, entitled to actual, compensatory, and punitive damages in an amount to be determined at trial;

5.     On the fifth cause of action, that the Court find that Zinberg and Kuperman negligently interfered with Salus' prospective economic relations with Glendon, and that Salus is, therefore, entitled to actual and compensatory damages in an amount to be determined at trial;

6.     On the sixth cause of action, that the Court find that Zinberg and Kuperman intentionally interfered with the Credit Agreement, and that Salus is, therefore, entitled to actual, compensatory, and punitive damages in an amount to be determined at trial;

7.     On the seventh cause of action, that the Court find that Zinberg and Kuperman breached their fiduciary duty to Glendon, and that Glendon is, therefore, entitled to actual, compensatory, exemplary, and punitive damages in an amount to be determined at trial;

8.     On the eighth cause of action, that the Court find that Zinberg and Kuperman committed corporate waste of Glendon's assets, and that Glendon is, therefore, entitled to actual and compensatory damages in an amount to be determined at trial;

9.     On the ninth cause of action, that the Court find that Defendants converted Glendon's property, and that Glendon is, therefore, entitled to actual, compensatory, and punitive damages in an amount to be determined at trial;

10.     On all applicable causes of action, that Plaintiffs are entitled to an award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

15

COMPLAINT

Doc# 1 Page# 16 -- Doc ID = 1617474655 - Doc Type = OTHER

1      11.    That Plaintiffs are entitled to an award of attorneys' fees and costs associated with

2   the litigation; and

3      12.    For such other and further relief as the Court deems just and proper.

4   Dated:  June 12, 2015              VENABLE LLP

5                                 Alex M. Weingarten

                                 Micol S. Green

6                                 Matthew M. Gurvitz

7

8                   By:    _____

                             Alex M. Weingarten

9

                           Attorneys for Plaintiffs Glendon Group, Inc.

10                       and Salus Capital Partners, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

06/12/2015

COMPLAINT

## DEMAND FOR JURY TRIAL

1

2      Plaintiffs hereby demand a trial by jury.

3   Dated:  June 12, 2015                          VENABLE LLP
4                                                  Alex M. Weingarten
                                                   Micol S. Green
5                                                  Matthew M. Gurvitz

6                                          By: _____
7                                                  Alex M. Weingarten

8                                          Attorneys for Plaintiffs Glendon Group, Inc.
                                           and Salus Capital Partners, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

17

COMPLAINT

06/12/2015

Doc# 1 Page# 18 - Doc ID = 1617474655 - Doc Type = OTHER

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alex M. Weingarten (SBN 204410); Micol S. Green (SBN 245659) VENABLE LLP. 2049 Century Park East, Suite 2100, Los Angeles, CA 90067 amweingarten@venable.com;msgreen@venable.com | **FILED** Superior Court of California County of Los Angeles **JUN 1 2 2015** Sherri R. Carter, Executive Officer/Clerk By_____, Deputy Moses Soto |

TELEPHONE NO.: (310) 229-9901    FAX NO.: (310) 229-9901
ATTORNEY FOR *(Name):* Plaintiffs Glendon Group, Inc.; Salus Capital Partners, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME: GLENDON GROUP, INC., et al., v. DAVID ZINBERG, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER BC 5 8 4 8 5 2 |
|---|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☒ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

ORIGINAL

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☒ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 12, 2015
Alex M. Weingarten
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Doc 1 Page8 19 - Doc ID = 1617474455 - Doc Type = OTHER

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
 Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment (*non-domestic relations*)
 Sister State Judgment
 Administrative Agency Award (*not unpaid taxes*)
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
 Declaratory Relief Only
 Injunctive Relief Only (*non-harassment*)
 Mechanics Lien
 Other Commercial Complaint Case (*non-tort/non-complex*)
 Other Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

American LegalNet, Inc.
www.FormsWorkflow.com

**Page 26     Exhibit 2**



| SHORT TITLE: | CASE NUMBER |
|---|---|
| GLENDON GROUP, INC., et al., v. DAVID ZINBERG, et al. | BC 5 8 4 8 5 2 |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL   10   ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons -See Step 3<br>Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

PLACIV 109 (Rev. 03/15)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| GLENDON GROUP, INC., et al., v. DAVID ZINBERG, et al. | |

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable<br>Reasons -See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034 | Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | | ☒ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation     Number of parcels ____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 | Quiet Title | 2., 6. |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 2 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

**Page 28     Exhibit 2**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| GLENDON GROUP, INC., et al., v. DAVID ZINBERG, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons -See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150   Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)    LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 3 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| GLENDON GROUP, INC., et al., v. DAVID ZINBERG, et al. | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS:<br>10866 Wilshire Blvd, Suite 500 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90024 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: June 12, 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Alex M. Weingarten, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/15)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 4 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

Page 30    Exhibit 2

Doc# 1 Page# 24 - Doc ID = 1617474455 - Doc Type = OTHER



I certify that this is a true and correct copy of the
original on file in this office consisting of ___24___ pages

SHERRI R. CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles

Date: SEP 2 5 2019 _____, Deputy

MANUEL GINES

# EXHIBIT 3

# ORIGINAL

**PARKER MILLS LLP**
David B. Parker (SBN 072192)
parker@parkermillsllp.com
Joel A. Osman (SBN 106549)
osman@parkermillsllp.com
Mark T. Hiraide (SBN 117868)
hiraide@parkermillsllp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017·
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

**FILED**
Superior Court Of California
County Of Los Angeles

JAN 0.8 2016

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Anabelia Figueroa

Attorneys for Defendant
**DAVID ZINBERG**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

|  |  |
|---|---|
| GLENDON GROUP, INC. a Delaware corporation, and SALUS CAPITAL PARTNERS, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID ZINBERG, an individual, and LEON KUPERMAN, an individual, <br><br> Defendants. | Case No. BC584852 <br><br> Judge: Hon. Mark V. Mooney <br> Dept.: 68 <br><br> **DEFENDANT DAVID ZINBERG'S ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> Filing Date: June 12, 2015 <br> Trial Date: None |

Defendant **DAVID ZINBERG**, an individual ("Defendant"), hereby answers Plaintiffs GLENDON GROUP, INC. and CAPITAL PARTNERS, LLC (collectively, "Plaintiffs") unverified Complaint as follows:

1.     Pursuant to the provisions of *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the unverified Complaint and each cause of action contained therein. Defendant further denies, generally and specifically, that Plaintiffs have been damaged in any manner or in any amount, or at all, or are entitled to any relief whatsoever from Defendant, or otherwise.

1485592

Doc# 1 Page# 1 - Doc ID = 1691691517 - Doc Type = OTHER

2.     As separate and distinct affirmative defendants to Plaintiffs' unverified Complaint
and the causes of action alleged therein, Defendant alleges the following:

### FIRST AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

3.     Defendant alleges that Plaintiffs' claims are barred by the statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

4.     The Complaint, and every cause of action there, fails to state facts sufficient to
constitute a claim or cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Frauds)

5.     To the extent the Complaint contains causes of action related to a contract, such
causes of action are barred by the provisions of *Civil Code* section 1624.

### FOURTH AFFIRMATIVE DEFENSE

#### (Excuse for Nonperformance)

6.     To the extent Defendant engaged in any of the acts alleged in the Complaint, such
acts were excused.

### FIFTH AFFIRMATIVE DEFENSE

#### (Full Performance)

7.     Defendant has appropriately, completely, and fully performed and discharged any
and all obligations and legal duties arising out of the matters alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

#### (Complaint Uncertain)

8.     Plaintiffs are barred from recovery against Defendant because the Complaint, and
every cause of action therein is ambiguous, unintelligible, and is not sufficiently certain to support
any recovery my Plaintiffs.

/ / /

/ / /

1485592

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Damage)

9.    Plaintiffs are barred from recovery by Defendant because Plaintiffs have suffered no actual damage by virtue of any acts, events, or occurrences alleged in Plaintiffs' Complaint, whether or not attributable to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10.    Plaintiffs are barred from recovering any and all damages due to Plaintiffs' failure to exercise reasonable care and diligence, and/or take reasonable steps to avoid, eliminate, lessen, reduce, and/or mitigate any purported damages.

## NINTH AFFIRMATIVE DEFENSE

### (Consent and Ratification)

11.    Plaintiffs are barred from pursuing the claims set forth in the Complaint by virtue of the fact that Plaintiffs had knowledge of, approved of, consented to, and/or ratified each and every act, transaction, or event contemplated by Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Breach of Contract)

12.    Plaintiffs are barred from recovery against Defendant because Plaintiffs breached the terms of the contract under which Plaintiffs now claim as the basis for all causes of action contained in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Perform)

13.    Plaintiffs are barred from recovery against Defendant because Plaintiffs failed to fully perform the terms of the contract under which Plaintiffs now claim as the basis for all causes of action contained in the Complaint.

///

///

///

### TWELFTH AFFIRMATIVE DEFENSE

#### (Waiver)

14.    Plaintiffs have waived any right or rights they have or may have had to assert any or all claims and/or causes of action alleged in the Complaint against Defendant and are barred from recovery against Defendant as a result of their own acts, conduct, and/or omissions.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (No Punitive Damages)

15.    The Complaint fails to set forth facts sufficient to constitute a claim for punitive and/or treble damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Comparative Fault of Plaintiffs)

16.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries and damages, if any, are the direct and proximate result of Plaintiffs' own fault or negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Comparative Fault of Others)

17.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries and damages, if any, were wither wholly or partially caused by the fault or negligence of other persons, firms, corporations, or entities.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Assumption of the Risk)

18.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs acted with full knowledge of the facts and circumstances surrounding Plaintiffs' alleged injuries, if any, and thus, Plaintiffs' assumed any and all risks of the injuries and damages Plaintiffs now claim they incurred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Intervening Cause)

19.    Plaintiffs' claims are barred, in whole or in part, because no act or omission of Defendant was a substantial factor in bringing about Plaintiffs' alleged damages, nor was any act

1485592

4

Doc# 1 Page# 4 - Doc ID = 1691691517 - Doc Type = OTHER

1    or omission of Defendant a contributing cause of the damages allegedly incurred by Plaintiffs, and

2    any alleged acts or omissions of Defendant were superseded by the acts of other persons, firms,

3    corporations, or entities, which were independent, intervening, and proximate causes of any and

4    all injuries sustained by Plaintiffs.

5    <u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

6    **(Conduct of Others)**

7        20.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged

8    damages, if any, were cause by persons other than Defendant for whom Defendant is not

9    responsible.

10    <u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

11    **(Lack of Causation)**

12       21.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged

13    damages, if any, were not actually and proximately caused by any acts, conduct, or omissions of

14    Defendant.

15    <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

16    **(Lack of Intent)**

17       22.    Plaintiffs' claims are barred, in whole or in part, because of the lack of intent on the

18    part of Defendant.

19    <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

20    **(Lack of Reliance)**

21       23.    Plaintiff's claims are barred, in whole or in part, because Plaintiffs did not rely on

22    any statements or omissions by Defendant.

23    <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

24    (Equity)

25       24.    Plaintiffs are barred from recovery as a matter of equity, as the circumstances were

26    such that Plaintiffs' losses, if any, were the result of acts having nothing to do with Defendant.

27    ///

28    ///

1485592

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches)

25.　　Plaintiffs are barred from recovery against Defendant by the doctrine of laches because the unreasonable delay that Plaintiffs allowed in bringing this action has caused Defendant undue prejudice.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

26.　　Plaintiffs are estopped from asserting all or any part of the claims and/or causes of action alleged in the Complaint against Defendants as a result of their own acts, conduct, and/or admissions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

27.　　Plaintiffs are barred from recovery against Defendant by the doctrine of unclean hands with respect to the matters alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Indemnity/Contribution)

28.　　In the event Defendant is held liable, Plaintiffs are entitled to a percentage contribution of the total liability from persons, firms, corporations and/or entities other than Defendant in accordance with the principles of indemnity and comparative contribution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

29.　　Plaintiffs' damages, if any, are reduced under the doctrine of offset for fees, costs, or payments made by the tortfeasor or carrier to Plaintiff.

## RESERVATION OF RIGHT TO AMEND ANSWER

30.　　Defendant reserves the right to amend this Answer herein, including the addition of affirmative defenses, upon further particularization of Plaintiffs' claims, in the even an additional amended complaint is filed, upon examination of the documents provided, upon discovery of further information concerning the alleged claims, and upon the development of other information.

1    **WHEREFORE**, Defendant requests that judgment be entered against Plaintiffs and in

2    favor of Defendant as follows:

3        1.    That Plaintiffs take nothing by way of the Complaint;

4        2.    That Defendant recover his costs of suit; and

5        3.    For such other relief as the Court deems just and proper.

6    DATED: January 8, 2016                    **PARKER MILLS LLP**

7

8                                        By: _____

9                                             Joel A. Osman
                                              Mark T. Hiraide
10                                            Attorneys for Defendant
                                              **DAVID ZINBERG**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1485592                                       7

Doc# 1 Page# 7 - Doc ID = 1691691517 - Doc Type = OTHER

1

**PROOF OF SERVICE**

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3          At the time of service, I was over 18 years of age and **not a party to this action**. I am
employed in the County of Los Angeles, State of California. My business address is 800 W. 6th
4  Street, Suite 500, Los Angeles, CA 90017.

5          On January 8, 2016, I served true copies of the following document(s) described as
**DEFENDANT DAVID ZINBERG'S ANSWER TO PLAINTIFFS' COMPLAINT** on the
6  interested parties in this action as follows:

7  Alex M. Weingarten, Esq.                    Attorneys for Plaintiffs GLENDON GROUP,
Micol S. Green, Esq.                         INC. and SALUS CAPITAL PARTNERS, LLC
8  Matthew M. Gurvitz, Esq.                     Telephone: (310) 229-9900
Venable LLP                                  Facsimile: (310) 229-9901
9  2049 Century Park East, Suite 2100          E-mail: aweingarten@venable.com;
Los Angeles, CA 90067                                mgreen@venable.com;
10                                                      mgurvitz@venable.com

11

12          **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
13  mailing, following our ordinary business practices. I am readily familiar with 's practice for
collecting and processing correspondence for mailing. On the same day that the correspondence is
14  placed for collection and mailing, it is deposited in the ordinary course of business with the United
States Postal Service, in a sealed envelope with postage fully prepaid.

15          I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
16

17          Executed on January 8, 2016, at Los Angeles, California.

18

19          _Maricela Escanuela_
Maricela Escanuela

20

21

22

23

24

25

26

27

28

1485592



I certify that this is a true and correct copy of the
original on file in this office consisting of _____ pages

SHERRI R. CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles

Date: SEP 2 5 2019                          , Deputy

MANUEL GINES

# EXHIBIT 4

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 110060 | FOR COURT USE ONLY |
|---|---|---|

NAME: Jeffrey Valle, Esq.
FIRM NAME: Valle Makoff LLP
STREET ADDRESS: 11911 San Vicente Blvd., Suite 324
CITY: Los Angeles    STATE: CA    ZIP CODE: 90049
TELEPHONE NO.: 310-476-0300    FAX NO.: 310-476-0333
E-MAIL ADDRESS: jvalle@vallemakoff.com
ATTORNEY FOR (Name): Plaintiff Salus Capital Partners, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles and 90012
BRANCH NAME: Stanley Mosk

**FILED**
Superior Court of California
County of Los Angeles

NOV 23 2016

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Terry Scott

*Received*
*NOV 23 2016*
*Fax Filing*

Plaintiff/Petitioner: GLENDON GROUP, INC., et al.
Defendant/Respondent: DAVID ZINBERG, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: BC584852 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [X] With prejudice   (2) [ ] Without prejudice
   b. (1) [ ] Complaint   (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                     on (date):
      (4) [ ] Cross-complaint filed by (name):                     on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other (specify):* As to Salus Capital Partners, LLC only

2. (Complete in all cases except family law cases.)
   The court [ ] did [X] did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: November 21, 2016
Jeffrey Valle

(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

(SIGNATURE)
Attorney or party without attorney for:
[X] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

(SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)
4. [X] Dismissal entered as requested on (date): 11/23/16
5. [ ] Dismissal entered on (date):                  as to only (name):
6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to be conformed [ ] means to return conformed copy

SHERRI R. CARTER

Date: 11/23/16    Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Page 1 of 2

11:30:52 2016-11-23

Doc# 1 Page# 1 - Doc ID = 1684110872 - Doc Type = REQUEST FOR DISMISSAL

 

CIV-110

| Plaintiff/Petitioner: GLENDON GROUP, INC., et al. | CASE NUMBER: |
|---|---|
| Defendant/Respondent: DAVID ZINBERG, et al. | BC584852 |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**
If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

_____
(SIGNATURE)

11:30:52 2016-11-23

Doc# 1 Page# 2 - Doc ID = 1684110872 - Doc Type = REQUEST FOR DISMISSAL

## PROOF OF SERVICE

I declare that I am over the age of eighteen years and that I am not a party to this action. I am an employee of Valle Makoff LLP, and my business address is 11911 San Vicente Blvd., Suite 324, Los Angeles, California 90049.

On the date set forth below, I served the following document(s) described as follows:

### REQUEST FOR DISMISSAL

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Daniella S. Zinberg, Esq.
5825 Donna Ave.
Tarzana, CA 91356
**Attorneys for Defendant David Zinberg**

Lawrence C. Ecoff
Alberto J. Campain
Ecoff Landsberg, LLP
280 South Beverly Drive, Suite 504
Beverly Hills, CA 90212
**Attorneys for Defendant Leon Kuperman**

☒ **BY MAIL:** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Los Angeles, California and placed for collection and delivery following ordinary business practices.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 23, 2016, at Los Angeles, California.

DENISSE AGUILAR

1
PROOF OF SERVICE

11:30:52 2016-11-23

Doc8 1 Page8 3 - Doc ID = 1684110872 - Doc Type = REQUEST FOR DISMISSAL

I certify that this is a true and correct copy of the
original on file in this office consisting of ___ pages

SHERRI R. CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles

SEP 2 5 2019

_____, Deputy

MANUEL GINES